IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
July 10, 2013 Session

**ELIZABETH ANNE MCDANIEL v. ROBB ASHBY MCDANIEL**

**Appeal from the Chancery Court for Rutherford County**
**No. 11CV-1202     David M. Bragg, Judge**

_____

**No. M2012-01892-COA-R3-CV - Filed July 29, 2013**

_____

Mother appeals the designation of Father as the primary residential parent of the parties' two minor children and the parenting schedule which gave Father substantially more parenting time. We affirm the trial court's designation of Father as the primary residential parent finding that the evidence does not preponderate against the trial court's decision which was primarily based on the importance of continuity in the children's lives. As for the parenting schedule, which awards Father 245 days and Mother only 120 days a year, we find that the evidence preponderates against such a disparity of parenting time; therefore, we reverse the parenting schedule and remand this issue for the trial court to adopt a revised parenting schedule that permits each parent to enjoy the maximum participation possible in the children's lives that is consistent with the factors set forth in Tennessee Code Annotated § 36-6-106(a).

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Gregory D. Smith and Corinne E. Martin, Nashville, Tennessee, for the appellant, Elizabeth Anne McDaniel.

Michelle Blaylock-Howser, Murfreesboro, Tennessee, for the appellee, Robb Ashby McDaniel.

**OPINION**

The parties, Elizabeth Anne McDaniel ("Mother") and Robb Ashby McDaniel ("Father"), met when Mother was a student at Middle Tennessee State University ("MTSU")

and Father was a professor. They married in May 2004. Mother filed for divorce on August 9, 2011; Father timely filed an Answer and Counter-Complaint. The parties have two minor children, who were ages five and three at the time of trial in 2012. The marital home was in Murfreesboro, Tennessee, where Father remains a professor at MTSU. Mother, who has bachelor's degrees in English and Political Science, has worked in the home since a couple of weeks prior to the birth of their first child;[1] she has almost completed a Master's degree in English and all she needs is to complete her student teaching program to obtain a teaching certificate.

The matter was tried on June 21, 2012, and the trial court entered a Final Decree of Divorce on July 31, 2012. The trial court declared the parties divorced pursuant to Tennessee Code Annotated § 36-4-129. The trial court found that both parents were able and loving parents and active in the children's lives and that they provided consistent and quality care to the children. The court also found that all but two of the relevant statutory factors were essentially equal. Because Mother admitted that she could not afford the marital residence and Father desired to retain the residence, the marital residence was awarded to Father. Further, because both parents testified that it was very important for the children to continue to reside in the marital residence, the court found that Father could provide continuity for the children and, thus, Father was designated as the primary residential parent. Although Father had proposed a parenting schedule that would have given Mother 159 days of parenting time, the trial court set a parenting schedule giving Father 245 days of parenting time and Mother 120 days each year.

Mother filed a timely appeal challenging the designation of Father as the primary residential parent and the parenting schedule which limited her parenting time.

## ANALYSIS

"Trial courts have broad discretion in devising permanent parenting plans and designating the primary residential parent." *Burton v. Burton,* No. E2007-02904- COA-R3-CV, 2009 WL 302301, at *2 (Tenn. Ct. App. Feb. 9, 2009) (citing *Parker v. Parker*, 986 S.W.2d 557, 563 (Tenn. 1999)). "In reaching such decisions the courts should consider the unique circumstances of each case." *Id.* (citing *Parker*, 986 S.W.2d at 563); *see also Nelson v. Nelson*, 66 S.W.3d 896, 901 (Tenn. Ct. App. 2001). This court reviews decisions in divorce cases de novo with a presumption that the trial court's findings of fact are correct unless the evidence preponderates otherwise. *Kendrick v. Shoemake,* 90 S.W.3d 566, 570

---

[1]Mother occasionally worked as a substitute teacher at one of the children's preschool. Mother was also briefly employed at a preschool in Cool Springs, however, she quit after two weeks due to concerns about how the children were treated and the limited hours the school was using her.

(Tenn. 2002); *Nichols v. Nichols*, 792 S.W.2d 713, 716 (Tenn. 1990). A trial court's conclusions of law are subject to a de novo review with no presumption of correctness. *Nelson*, 66 S.W.3d at 901 (citing *Ganzevoort v. Russell*, 949 S.W.2d 293, 296 (Tenn. 1997)).

"There are currently two different statutes setting out non-exclusive lists of factors for the trial court to apply to help it reach the goal of determining a child's best interest." *Thompson v. Thompson*, No. M2011-02438-COA-R3-CV, 2012 WL 5266319, at *6 (Tenn. Ct. App. Oct. 24, 2012). Tennessee Code Annotated § 36-6-106, which applies to custody determinations, and Tennessee Code Annotated § 36-6-404, which governs the establishment of permanent parenting plans, *see Burden*, 250 S.W.3d at 908; *see also Thompson*, 2012 WL 5266319, at *6, and parenting plans are required to be incorporated into "any final decree or decree of modification in an action for absolute divorce, legal separation, annulment, or separate maintenance involving a minor child." Tenn. Code Ann. § 36-6-404.

In determining who should be the primary residential parent and what the residential schedule should be, the court is to consider a list of factors set forth in Tennessee Code Annotated § 36-6-404(b). The list of factors contained in Tennessee Code Annotated § § 36-6-106 and 36-6-404 are "substantially similar" and both permit the court to allow for consideration of any other factors that the court deems relevant. *Thompson*, 2012 WL 5266319, at *6. Thus, in most cases, the analysis and result would be the same regardless of which set of factors is applied. *Id.* In this case, the trial court relied on the factors set forth in Tennessee Code Annotated § 36-6-106.

The evidence presented at trial demonstrated that both parties were caring and loving parents who were actively involved in the children's lives and in caring for them. Mother did not work outside of the home during the marriage and she cared for the children when they were not in daycare. Mother was also in charge of maintaining the parties' residence and finances. Father was very involved in caring for the children when he returned home from work and once Father returned home Mother frequently ran errands, many of which were for the benefit of the household.[2] Several witnesses testified that Mother was loving and attentive to the children and that she engaged in numerous activities and took the children on various outings. Several witnesses also testified that Father was very involved in the children's lives and that he was primarily responsible for fixing the children's breakfast and caring for them in the afternoons and evenings when he was home from work. Two witnesses, Jean McDaniel, Father's aunt, and Suzanne McDaniel, Father's mother, testified that when they were present, Father was the primary caregiver; however, no other witnesses testified that Father provided more care to the children than Mother.

---

[2] Father referred to his time after returning home from work each day as his paternal "duty time" with the children.

Both parents testified that the children needed stability and continuity in their lives, especially the older child, and that it was important for the children to remain in the marital home.

Mother, Father, and the children lived in the marital residence while the divorce was pending. Father was awarded the marital residence due in part to the fact that Mother admitted that she could not afford to maintain the residence after the divorce. Mother stated at trial that she had not yet made living arrangements, however, she said she hoped to obtain housing not far from the former marital residence.

## THE PRIMARY RESIDENTIAL PARENT

Tennessee Code Annotated § 36-6-106(a) states that the location of the future residences of the parents shall be considered by the court in making its decision concerning the parenting plan. Furthermore, Tennessee Code Annotated § 36-6-106(a)(3) specifically identifies continuity as a factor for consideration in determining the custody of the children following a divorce. Both parents testified that it was very important for the children to continue to reside in the marital residence after the divorce. The trial court specifically found that the continuity factor weighed heavily in Father's favor because Father retained the marital residence and the evidence in the record does not preponderate against this important finding.

In this case, the trial court was faced with the difficult decision of designating one of two good parents to be the primary residential parent. The record reflects that both parents were equal in their care and love for the children and in all relevant factors with the exception of their ability to provide continuity for the children, which substantially favored Father, and both parents testified that it was very important for the children to continue to reside in the marital residence after the divorce. Therefore, because Father retained the marital residence and was able to provide the continuity the children needed, the evidence does not preponderate against the trial court's designation of Father as the primary residential parent.

## THE PARENTING SCHEDULE

Mother challenges the parenting schedule adopted by the trial court, which limited her parenting time to 120 days a year in contrast to Father's 245 days of parenting time. She asserts several grounds to support her argument, one of which is that Father's proposed parenting schedule afforded her 159 parenting days, 39 more than the trial court's plan.

Tennessee Code Annotated § 36-6-106(a) specifically provides that, taking into account the children's best interests, the trial court shall adopt a parenting plan and schedule that permits each parent to enjoy the maximum participation possible in the children's lives that is consistent with the factors set forth in the statute. As noted above, the majority of witnesses testified and the trial court found that *both* parents were equally capable and active in the children's lives and in caring for them and the primary reason Father was designated as the primary residential parent was the factor of continuity, which was primarily dependent on who was awarded the marital residence. We also find it significant that Father submitted a proposed parenting schedule that provided Mother with 39 more parenting days than the schedule adopted by the trial court. For reasons unexplained by the record, the trial court did not make findings to state why Father's plan, or a plan more similar to his plan, was not in the children's best interests nor did the court make findings to state why a substantial reduction in Mother's parenting time from Father's plan was in the children's best interests.

Considering the above, we are unable to conclude that the parenting schedule adopted by the trial court is in the best interests of the children. Therefore, we reverse the parenting schedule and remand this issue so that the trial court may consider adopting a revised parenting schedule that maximizes the participation of both parents consistent with Tennessee Code Annotated § 36-6-106(a).[3]

## IN CONCLUSION

The judgment of the trial court is affirmed in part and reversed in part, and this matter is remanded with costs of appeal assessed against both parties equally.

_____
FRANK G. CLEMENT, JR., JUDGE

---

[3]The court should also determine whether the change in the parenting schedule requires a modification of child support and, if so, to modify support as required by the facts and the guidelines.